## HILL *v.* BOWDEN et ux.

Where a plaintiff, who had obtained judgment against the defendant, appeals from a judgment in favor of an intervenor, but executes an appeal bond in favor of the defendant, the appeal must be dismissed. An affidavit that the failure to make the bond payable to the appellee was an error committed by the clerk in preparing the bond, will not entitle the appellant to relief. In such a case the clerk acts as agent of the party, and no relief can be given against his errors or omissions.

APPEAL from the District Court of Madison, *Selby*, J. *Snyder*, for the appellant. *Amonett*, for the defendants and intervenor. The judgment of the court was pronounced by

KING, J. The appellee has moved to dismiss this appeal, on the ground that the appellant has not furnished the bond required by law. The only appeal bond in the record is in favor of nominal parties. There is none in favor of the appellee *Copley*, the party really in interest. An affidavit has been filed, stating that a blank bond, signed by the appellant and a surety, was given to the clerk, to be by him properly filled up, and that the latter, through error, inserted in the blank the names of the nominal parties, instead of that of the party in interest,

HILL<br>
v.<br>
BOWDEN.

It is not the duty of the clerk to make appeal bonds, and when he undertakes to prepare them, he acts only as the agent of the parties, and not in his official capacity. We are not authorised to grant relief against his errors or omissions in such cases.

Taking an appeal by motion in open court, dispenses with citation of appeal or other notice to the appellee, but not with a bond in favor of the party against whom the appellant wishes to prosecute his appeal. Such party may insist on a bond, before being compelled to appear in the appellate tribunal and litigate with his adversary.     *Appeal dismissed.*